UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| UNITED WISCONSIN INSURANCE COMPANY<br><br>*Plaintiff*,<br><br>v.<br><br>M J D LOGISTICS, INC., EUNICE SILVA, MARIO SILVA, ARTURO GOMEZ and FADUMA SHEGOW<br><br>*Defendants*, | § § § § § § § § § § § § § | Civil Action No. 3:23-cv-314 |

**ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT**

TO THE HONORABLE COURT:

Plaintiff United Wisconsin Insurance Company ("United Wisconsin") files this Original Complaint for Declaratory Judgment against Defendants M J D Logistics, Inc. ("MJD"), Eunice Silva ("Ms. Silva"), Mario Silva ("Mr. Silva"), Arturo Gomez ("Gomez") and Faduma Shegow ("Shegow") (collectively "Defendants") under 28 U.S.C. §§ 1332, 2201-2202 and Rule 57 of the Federal Rules of Civil Procedure and would respectfully show the Court as follows:

**I.
NATURE OF THE CASE**

1. United Wisconsin seeks a declaratory judgment to determine the rights and obligations of the parties to commercial insurance policy No. UWPGA2353-02 issued by United Wisconsin to MJD with effective dates of 5/4/2020 to 5/4/2021 ("Policy").

2. An actual and justiciable controversy exists about whether coverage is afforded to MJD,

Ms. Silva, Mr. Silva and Gomez under the terms, conditions, provisions, limitations, and exclusions of the Policy for the claims and alleged damages asserted by Shegow in the lawsuit styled *Faduma Shegow v. MJD Logistics, Inc., Pawnee Leasing Corporation, Cesar N. Lara, Individually and CNL Transport Inc., and John Doe, Individually, Arturo Gomez, Jr., Individually, Robert L. Hinojo, Individually and Gardeas Transport Logistics*, Cause No. 2021-DCV-3112, in the County Court at Law. No. 3, El Paso County, Texas ("Underlying Lawsuit").

## II.
## PARTIES

3. United Wisconsin is a citizen of Wisconsin, being a corporation organized and existing under the laws of the State of Wisconsin and having its principal place of business in New Berlin, Wisconsin.

4. Defendant M J D Logistics, Inc. is a Texas corporation organized under the laws of the State of Texas, with the principal place of business at 7186 Second Street, Canutillo, Texas 79835. MJD may be served through its registered agent, Eunice Silva, at 7186 Second Street, Canutillo, Texas 79835, or wherever she may be found. In the alternative, MJD failed to maintain its registered agent, or its agent cannot, with reasonable diligence, be found at the registered office. Therefore, MJD may be served through the Texas Secretary of State.

5. Defendant Eunice Silva is an individual residing in El Paso County, Texas, and may be served with process at 7186 Second Street, Canutillo, Texas 79835, or wherever she may be found.

6. Defendant Mario Silva is an individual residing in El Paso County, Texas, and may be served with process at 7148 Kayla Dr., Canutillo, Texas 79835, or wherever he may be found.

7. Defendant Arturo Gomez is an individual residing in El Paso County, Texas, and may be served with process at 6332 Pascal Street, El Paso, Texas 79932, or wherever he may be found.

8. Defendant Faduma Shegow is an individual residing in El Paso County, Texas, and may be served with process at 14188 Rattler Point Dr., El Paso, Texas 79938, or wherever she may be found.

## III.
## JURISDICTION AND VENUE

9. This Court has original jurisdiction over this matter under 28 U.S.C. § 1332 because there is a diversity of citizenship among the parties, and the matter in controversy exceeds $75,000, exclusive of interest, attorneys' fees, and costs.

10. Under 28 U.S.C. §1391(b)(1), the venue is proper in the United States District Court for the Western District of Texas, El Paso Division, because all Defendants reside in El Paso County, Texas, which is within this District.

## IV.
## FACTUAL ALLEGATIONS AND CLAIMS IN THE UNDERLYING LAWSUIT

11. MJD, Ms. Silva, Mr. Silva and Gomez are defendants named in the Underlying Lawsuit, and according to Shegow's Fourth Amended Petition:

> On or about 7/13/2020, Plaintiff Shegow was involved in a wreck with MJD. Defendants hired Gomez as an employee-driver. Ms. Silva and Mr. Silva are the sole executives and principals of MJD, and they are solely responsible for qualifying, hiring, training, and supervising drivers operating under MJD's operating authority.
>
> As Shegow traveled westbound on Interstate 10 in El Paso, Texas, Gomez was driving the subject tractor-trailer in the traffic lane to her right. Gomez made an unsafe lane change, thereby striking Shegow's vehicle.
>
> The tractor was owned by or under the exclusive control of MJD, Ms. Silva, and Mr. Silva [and two other defendants named in the Underlying Lawsuit]. The trailer was owned by or under the exclusive control of MJD, Ms. Silva and Mr. Silva [and

two other defendants named in the Underlying Lawsuit].

A copy of Shegow's Fourth Amended Petition in the Underlying Lawsuit is attached as **Exhibit 1**, see p. 3. Shegow asserts negligence, negligence per se, and gross negligence against MJD, Ms. Silva, Mr. Silva, and Gomez. *Id.* p. 3-10.

12. Shegow alleges that the truck driven by Gomez and the trailer attached to it were owned by or under the exclusive control of one or more of the five defendants named in the Underlying Lawsuit. However, Shegow does not otherwise identify the truck or the trailer involved in the accident.

13. United Wisconsin is currently defending MJD, Ms. Silva, Mr. Silva and Gomez in the Underlying Lawsuit under a reservation of rights and it now seeks a declaratory judgment that it does not owe a duty to defend or indemnify MJD, Ms. Silva, Mr. Silva and Gomez because the 2012 Freightliner Cascadia (VIN 1FUJGLDR0CSBL4117) ("Truck") that Gomez was operating and the trailer (VIN 1JJV532W23L857988) ("Trailer") that was attached to it were not scheduled or otherwise covered autos under the Policy.

## V.
## THE POLICY

14. A certified copy of the Policy United Wisconsin issued to MJD (with premium information redacted) is attached as **Exhibit 2,** and provisions of the Policy are adopted and incorporated herein by reference.

15. The Policy obligates United Wisconsin to "pay all sums an 'insured' legally must pay as damages…caused by an 'accident' and resulting from the ownership, maintenance or use of a covered 'auto'." The Policy also states that United Wisconsin has "… no duty to defend any 'insured' against a 'suit'… to which this insurance does not apply." See the provisions below and

Exhibit 2 pgs. 28-29.

> Section II – Covered Autos Liability Coverage
>
> A. Coverage
>
> *We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto".*
>
> \*\*\*
>
> *We will have the right and duty to defend any "insured" against a "suit" asking for such damages or a "covered pollution cost or expense". However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage" or a "covered pollution cost or expense" to which this insurance does not apply.*

16. The Policy provides coverage for "specifically described autos" described in Item Three of the Declarations for which a premium charge is shown. See the provisions below and *Id.* at pgs. 8 and 27.

| Coverages | Covered Autos | Limit | Premium |
|---|---|---|---|
| Covered Autos Liability | 67 | $1,000,000 each accident | ▮ |

\*\*\*

| 67 | Specifically Described "Autos" | Only those "autos" described in Item Three of the Declarations for which a premium charge is shown (and for Covered Autos Liability Coverage any "trailers" you don't own while attached to any power unit described in Item Three). |
|---|---|---|

17. At the time of the accident, the Truck and/or the Trailer were not described in the schedule of covered autos and, therefore, were not scheduled autos under the Policy. See *Id.* at pg. 25.

18. The Truck or the Trailer were not after-acquired autos because MJD did not own them and/or did not request coverage for them within 30 days after the purchase. See the provisions below and *Id.* at pg. 28.

> *B. Owned Autos You Acquire After The Policy Begins*
>
> *\*\*\**
>
> *2. But, if Symbol 67 is entered next to a coverage in Item Two of the Declarations, an "auto" you acquire will be a covered "auto" for that coverage only if:*
>
>> *a. We already cover all "autos" that you own for that coverage or it replaces an "auto" you previously owned that had that coverage; and*
>>
>> *b. You tell us within 30 days after you acquire it that you want us to cover it for that coverage*

19. Finally, the Truck was not a temporary substitute auto because MJD did not use it with the permission of the Truck's owner, and the Trailer was not a temporary substitute auto because it was not used as a temporary substitute for a covered auto MJD owned that was out of service. See the provisions below and *Id*. at pg. 28.

> *C. Certain Trailers, Mobile Equipment And Temporary Substitute Autos*
>
> *If Covered Autos Liability Coverage is provided by this Coverage Form, the following types of vehicles are also covered "autos" for Covered Autos Liability Coverage:*
>
> *\*\*\**
>
> *3. Any "auto" you do not own while used with the permission of its owner as a temporary substitute for a covered "auto" you own that is out of service because of its:*
>
>> *a. Breakdown;*
>> *b. Repair;*
>> *c. Servicing;*
>> *d. "Loss"; or*
>> *e. Destruction.*

20. According to the terms of the Policy, the Truck or the Trailer may only be covered autos if they were scheduled, temporary substitutes, or after-acquired autos. Because the Truck and/or the Trailer were none of the above, they were not covered autos; therefore, there is no coverage for MJD, Ms. Silva, Mr. Silva and Gomez under the Policy.

## VI.
## DECLARATORY RELIEF

21. Plaintiff, United Wisconsin, incorporates by reference paragraphs 1-20 of this Complaint as if set forth fully herein.

22. An actual controversy exists between United Wisconsin, defendants MJD, Ms. Silva, Mr. Silva, Gomez and Shegow regarding whether coverage is afforded under the terms, conditions, limitations, and exclusions of the Policy for the claims and alleged damages asserted by Shegow against MJD, Ms. Silva, Mr. Silva and Gomez in the Underlying Lawsuit.

23. Based upon the preceding facts and Policy language, United Wisconsin contends that it has no duty under the Policy to defend or indemnify MJD, Ms. Silva, Mr. Silva and Gomez from Shegow's claims in the Underlying Lawsuit because, at the time of the accident, the Truck and/or the Trailer were not scheduled or otherwise covered autos under the Policy.

24. When analyzing the duty to defend in Texas using the "eight-corners" rule, it is permissible to consider extrinsic evidence bearing solely on coverage facts when the eight-corners analysis, due to gaps in the plaintiff's pleading, is not determinative of whether coverage exists. The Texas Supreme Court held this practice is permissible under Texas law provided the extrinsic evidence (1) goes solely to the issue of coverage and does not overlap with the merits of liability, (2) does not contradict facts alleged in the pleading, and (3) conclusively establishes the coverage fact to be proved. *Monroe Guaranty Insurance Company v. Bitco General Insurance Company*, 640 S.W.3d 195, 201 (Tex. 2022).

25. To show that United Wisconsin has no duty to defend or indemnify MJD, Ms. Silva, Mr. Silva and Gomez, United Wisconsin asks this court to consider extrinsic evidence concerning the Truck and Trailer's VIN and that they were not an after-acquired or temporary substitute autos

under the Policy. This evidence goes solely to the coverage issue, does not overlap with the merits of liability, does not contradict facts alleged in Shegow's pleading, and conclusively establishes the Truck and/or the Trailer were not covered autos under the Policy and, therefore, the Policy doesn't provide coverage to MJD, Ms. Silva, Mr. Silva and Gomez for Shegow's claims in the Underlying Lawsuit.

26. Thus, a justiciable controversy presently exists between the parties, and under 28 U.S.C. §§ 2201(a), this Honorable Court may and should declare the rights of the parties regarding this controversy.

## VII.
## RESERVATION REGARDING AMENDMENT

27. There may be other coverage defenses that may be revealed during discovery in this action. Accordingly, United Wisconsin pleads all other conditions, terms, warranties, limits, definitions, and exclusions of the Policy, which also may be found to apply as United Wisconsin's investigation of this claim continues, and United Wisconsin reserves the right to amend its Complaint for Declaratory Judgment as additional and/or more specific information becomes available.

## VIII.
## PRAYER

**WHEREFORE,** Plaintiff United Wisconsin respectfully requests this Court assume jurisdiction over this cause and enter a declaratory judgment for Plaintiff and against Defendants:

(a) That Defendants be cited to appear and answer;

(b) That United Wisconsin has no obligation under the Policy to defend Defendants M J D Logistics, Inc., Eunice Silva, Mario Silva, and Arturo Gomez from the claims and causes of actions asserted against them in the Underlying Lawsuit;

(c) That United Wisconsin has no obligation under the Policy to indemnify Defendants M J

D Logistics, Inc., Eunice Silva, Mario Silva, and Arturo Gomez from any damages awarded against them in the Underlying Lawsuit;

(d) This Court grant such further relief as equity and the justice of this cause may require and permit.

Dated: August 22, 2023                     Respectfully submitted,

**THE WOODALL LAW FIRM, PLLC**

By:     /s/ J. Daniel Woodall
J. Daniel Woodall
Tx Bar No. 24008300
Federal I.D. 24008300 (WD-Texas)
dan@woodalllawfirm.com
1725 Hughes Landing Boulevard, Suite 1250
The Woodlands, Texas 77380
Telephone:     281/892-1040
Facsimile:      281/305-3892

*Attorney for Plaintiff United Wisconsin Insurance Company*