# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | |
|---|---|
| **UNITED WISCONSIN INSURANCE COMPANY**, § § § *Plaintiff*, § v. § § **M J D LOGISTICS, INC.; EUNICE SILVA; MARIO SILVA; ARTURO GOMEZ; and FADUMA SHEGOW,** § § § § *Defendants*. § § § § **M J D LOGISTICS, INC.; EUNICE SILVA; and ARTURO GOMEZ,** § § § *Counter-Plaintiffs*, § v. § § **UNITED WISCONSIN INSURANCE COMPANY,** § § § *Counter-Defendant*. § | **EP-23-CV-00314-DCG** |

## ORDER GRANTING PLAINTIFF'S MOTION FOR SUBSTITUTED SERVICE

Before the Court is Plaintiff United Wisconsin Insurance Company's ("Plaintiff") "Unopposed Motion for a Substituted Service on Defendant Faduma Shegow," filed on October 4, 2023. (ECF No. 11.) On October 5, 2023, Senior United States District Judge David Guaderrama referred the Motion to the undersigned Magistrate Judge for determination pursuant to 28 U.S.C. § 636(b)(1)(A) and Rule 1(c) of Appendix C to the Local Rules of the Western District of Texas. (ECF No. 12.) For the following reasons, Plaintiff's motion is **GRANTED.**

### I.   BACKGROUND

Defendant M J D Logistics, Inc. ("MJD") holds an insurance policy with Plaintiff. (ECF No. 1:4.) Plaintiff is currently defending MJD, Eunice Silva, Mario Silva, and Arturo Gomez, pursuant to a reservation of rights, in a lawsuit filed against them by Faduma Shegow ("Shegow") in the County Court at Law No. 3, El Paso County, Texas, Cause No. 2021-DCV-3112. (*Id.* at 1–4.) On August 22, 2023, Plaintiff filed the above-captioned case, seeking a declaratory judgment on the rights and obligations of the parties to the insurance policy and naming Shegow as one of the defendants. (*Id.* at 1.)

Plaintiff has been unable to serve Shegow. (ECF No. 11:2.) The El Paso County Appraisal District lists the property at 14188 Rattler Point Drive, El Paso, Texas 79938 ("Address") as belonging to Shegow. (*Id.* at 4); (ECF No. 11-1:4–5). Plaintiff's process server, Yvonne Natividad, went to the Address on four separate occasions: August 29, 2023; August 31, 2023; September 2, 2023; and September 6, 2023. (ECF No. 11:3.) Ms. Natividad was unable to serve Shegow during these visits. (*Id.*)

During the visit to the Address on September 6, Ms. Natividad spoke to a woman who answered the door. (*Id.*) This woman informed Ms. Natividad that Shegow had moved out of state. (*Id.*) The woman did not provide her name or an alternative address for Shegow but did state that she had received mail for Shegow at the Address. (*Id.*) Ms. Natividad noticed that a car with Texas license plate 139DV80 was in the driveway of the Address on this date. (*Id.*) The Texas Department of Transportation, Division of Motor Vehicles, lists a 2023 Nissan Rogue—the same car that was in the driveway—with this license place as being registered to Shegow at the Address. (*Id.*); (ECF No. 11-1:3).

On October 4, 2023, Plaintiff filed the instant motion, seeking substituted service of Shegow. (ECF No. 11.) Plaintiff seeks to securely affix a copy of the latest complaint, summons,

and signed order for substituted service to the front door of the Address. (*Id.* at 4.) Plaintiff also seeks to mail the same via USPS first class mail to Shegow at the Address. (*Id.*)

## II.   DISCUSSION

Federal Rule of Civil Procedure 4(e) permits service on an individual in accordance with the law of "the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Texas Rule of Civil Procedure 106(a) permits service either by: "(1) delivering to the defendant, in person, a copy of the citation, showing the delivery date, and of the petition; or (2) mailing to the defendant by registered or certified mail, return receipt requested, a copy of the citation and of the petition." Tex. R. Civ. P. 106(a). Alternatively, a plaintiff may seek substitute service by:

> [a] motion supported by a statement—sworn to before a notary or made under penalty of perjury—listing any location where the defendant can probably be found and stating specifically the facts showing that service has been attempted under (a)(1) or (a)(2) at the location named in the statement but has not been successful.

Tex. R. Civ. P. 106(b).

Substitute service may be made in "any other manner . . . that the statement or other evidence shows will be reasonably effective to give the defendant notice of the suit." Tex. R. Civ. P. 106(b)(2). "Where personal service has been unsuccessful, a typical course is to post the summons and copy of the complaint to the front door or gate of the property itself . . ., as it is readily apparent the occupant of the property will see the posted summons and copy of the complaint." *Cairns v. Lakeview Shopping Plaza, Inc.*, No. 4:22-CV-834-SDJ-KPJ, 2023 WL 3646063, at *3 (E.D. Tex. May 25, 2023).

Plaintiff has satisfied the requirements of Rule 106(b) by providing an affidavit from Ms. Natividad, stating that the Address "is a place where [Shegow] can probably be found" and listing, with specific dates and times, the four separate occasions when Ms. Natividad attempted personal

service but was unsuccessful. (ECF No. 11-1:1–2.) Plaintiff proposes to both affix a copy of the summons, the complaint, and signed order for substituted service to the front door of the Address as well as mail the same by first-class mail, which will be reasonably effective to give Shegow notice of the suit.

## III.   CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's Unopposed Motion for a Substituted Service on Defendant Faduma Shegow (ECF No. 11). Plaintiff is **HEREBY AUTHORIZED** to serve process on Defendant Faduma Shegow by affixing copies of the summons, the latest complaint, and this signed order to the front door of 14188 Rattler Point Dr., El Paso, Texas 79938 and mailing copies of the summons, the latest complaint, and this signed order via USPS first class mail to Faduma Shegow, 14188 Rattler Point Dr., El Paso, Texas 79938.

**SIGNED** this 11th day of October, 2023.

**ROBERT F. CASTAÑEDA**
**UNITED STATES MAGISTRATE JUDGE**