# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | |
|---|---|
| **UNITED WISCONSIN INSURANCE COMPANY**, | § § § |
| *Plaintiff*, | § § |
| v. | § § |
| **M J D LOGISTICS, INC.; EUNICE SILVA; MARIO SILVA; ARTURO GOMEZ; and FADUMA SHEGOW,** | § § § § § |
| *Defendants*. | § § § |
| | §   **EP-23-CV-00314-DCG** |
| **M J D LOGISTICS, INC.; EUNICE SILVA; and ARTURO GOMEZ,** | § § § § |
| *Counter-Plaintiffs*, | § § |
| v. | § § § |
| **UNITED WISCONSIN INSURANCE COMPANY,** | § § § § |
| *Counter-Defendant*. | § |

## ORDER GRANTING PLAINTIFF'S MOTION FOR SUBSTITUTED SERVICE

Before the Court is Plaintiff United Wisconsin Insurance Company's ("Plaintiff") "Unopposed Motion for a Substituted Service on Defendant Mario Silva" (ECF No. 26), filed on December 12, 2023. On December 13, 2023, Senior United States District Judge David Guaderrama referred the Motion to the undersigned Magistrate Judge for determination pursuant to 28 U.S.C. § 636(b)(1)(A) and Rule 1(c) of Appendix C to the Local Rules of the Western District of Texas. For the following reasons, Plaintiff's motion is **GRANTED.**

### I.       BACKGROUND

Defendant M J D Logistics, Inc. ("MJD") holds an insurance policy with Plaintiff. Pl.'s First Am. Compl. Declaratory J. ¶ 1 [hereinafter, "Am. Compl."], ECF No. 9. Plaintiff is currently defending MJD, Eunice Silva, Mario Silva ("Silva"), and Arturo Gomez, pursuant to a reservation of rights, in a lawsuit filed against them by Faduma Shegow in the County Court at Law No. 3, El Paso County, Texas, Cause No. 2021-DCV-3112. *Id.* at ¶¶ 2, 13. On August 22, 2023, Plaintiff filed the above-captioned case, seeking a declaratory judgment on the rights and obligations of the parties to the insurance policy and naming Silva as one of the defendants. *See* Original Compl. Declaratory J. [hereinafter "Original Compl."], ECF No. 1.

Plaintiff served a copy of the summons and original complaint to Silva on September 1, 2023. Proof of Service Aff., ECF No. 6. Process server Yvonne Natividad ("Natividad") delivered the summons and original complaint to Silva in person at the address 7101 Schuman Drive, Canutillo, Texas 79835 ("Address"). *Id.* As of now, Silva has not filed an answer or appeared in the case.[1]

Plaintiff filed its First Amended Complaint on October 2, 2023. *See* Am. Compl. Plaintiff has attempted to serve the First Amended Complaint on Silva by hand at the Address three times and been unsuccessful. Pl.'s Unopposed Mot. Substituted Service Def. Mario Silva ¶ 4 [hereinafter, "Mot."], ECF No. 26.

According to Plaintiff's Motion, Natividad spoke to Silva on the phone on October 16, 2023. *Id.* at ¶ 5. Silva told her that he would not "be home for another week or two." *Id.* Natividad told him that she would give him a call back to follow up in a week. *Id.*

On October 25, Natividad called Silva again. *Id.* at ¶ 6. "She left a voicemail message and also sent a text message. She received no response from either attempt." *Id.* The next day,

---

[1] Silva's answer was due on September 22, 2023, 21 days after he was served. Fed. R. Civ. P. 12(a)(1)(A)(i).

2

Natividad went to the Address and "spoke to a man who lives on the property . . . . This male indicated that [Silva] was still out of town and had not yet returned." *Id.* at ¶ 7.

Natividad went to the Address again on November 6 to attempt service. *Id.* at ¶ 8. The man living on the property said that Silva had briefly been back but was traveling for work again. *Id.* Natividad tried calling Silva again in the morning, and Silva did not answer; "she left him another message." *Id.* she also called him later that day, at 3:15 p.m., and left another voicemail. *Id.* at ¶ 9.

According to the Motion, Natividad attempted service by hand again on November 16. *Id.* at ¶ 10. She "could not access the front door as a locked fence surrounded the property. There were no lights on or people visible for her to speak with." *Id.* However, per the attached affidavits, a different process server, Justiss Cardon Rasberry ("Rasberry"), was the one who attempted personal service on this date. Aff. Rasberry 1, ECF No. 26-1. Regardless of who attempted service, the process server was unable to reach the front door due to a locked fence, and there was no response from anyone inside. *Id.*

On December 12, 2023, Plaintiff filed the instant motion, seeking substituted service of Silva. *See* Mot. Plaintiff seeks to securely affix a copy of the first amended complaint, summons, and signed order for substituted service to the front door of the Address. *Id.* at ¶ 12. Plaintiff also seeks to mail the same via USPS first class mail to Silva at the Address. *Id.*

## II.   DISCUSSION

Plaintiff has already served its Original Complaint on Silva, *see* Proof of Service Aff., and now seeks to serve its First Amended Complaint on him under Rule 4 of the Federal Rules of Civil Procedure. Mot. ¶¶ 1, 4. Generally, service of amended complaints falls under Rule 5 of the Federal Rules of Civil Procedure, not Rule 4. *Highline Innovation Invs. P'ship, LLC v. Biolert,*

3

*Ltd.*, No. 4:21-CV-00615, 2023 WL 3871701, at *2 (E.D. Tex. June 7, 2023) ("While service of the original complaint is governed by Rule 4 of the Federal Rules of Civil Procedure, the service of any other pleading, including the amended complaint, is dictated by Rule 5 of the Federal Rules."). However, a review of the record shows that Silva has so far failed to answer or appear in this action. The Fifth Circuit has suggested that in cases where a party has yet to appear in an action, service on that party under Rule 4 is appropriate. *See Fluor Eng'rs and Constructors, Inc. v. S. Pac. Transp. Co.*, 753 F.2d 444, 449 n.7 (5th Cir. 1985) ("[W]e agree with the [defendant's] suggestion that Rule 5(a) service is proper only after a party has appeared in an action. The purpose of the rule, to facilitate the pleadings process by permitting service on attorneys of record rather than the individual litigants once the parties are before the court, cannot be fulfilled until a litigant has appeared and established an attorney of record.").[2]

Federal Rule of Civil Procedure 4(e) permits service on an individual in accordance with the law of "the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Texas Rule of Civil Procedure 106(a) permits service either by: "(1) delivering to the defendant, in person, a copy of the citation, showing the delivery date, and of the petition; or (2) mailing to the defendant by registered or certified mail, return receipt requested, a copy of the citation and of the petition." Tex. R. Civ. P. 106(a). Alternatively, a plaintiff may seek substitute service by:

> [a] motion supported by a statement—sworn to before a notary or made under penalty of perjury—listing any location where the defendant can probably be found

---

[2] Service may not be required in this case under Rule 5(a)(2), which states that "[n]o service is required on a party who is in default for failing to appear. But a pleading that asserts a new claim for relief against such a party must be served on that party under Rule 4." Fed. R. Civ. P. 5(a)(2). Silva is in default for failure to appear. *See Highline*, 2023 WL 3871701, at *2 ("Rule 5(a)(2)'s application does not hinge on whether the court has actually adjudicated the party as being in default or not, but rather, whether the party has failed to appear in the case.") (internal quotes and citations omitted). A comparison of the Original Complaint and First Amended Complaint does not indicate that any new claims have been asserted against Silva. *Compare* Original Compl. ¶¶ 21–26 *with* Am. Compl. ¶¶ 21–26. However, the Court has found no authority stating that Plaintiff cannot choose to serve its First Amended Complaint under Rule 4, even if not required to do so.

and stating specifically the facts showing that service has been attempted under (a)(1) or (a)(2) at the location named in the statement but has not been successful.

Tex. R. Civ. P. 106(b).

Substitute service may be made in "any other manner . . . that the statement or other evidence shows will be reasonably effective to give the defendant notice of the suit." Tex. R. Civ. P. 106(b)(2). "Where personal service has been unsuccessful, a typical course is to post the summons and copy of the complaint to the front door or gate of the property itself, . . . as it is readily apparent the occupant of the property will see the posted summons and copy of the complaint." *Cairns v. Lakeview Shopping Plaza, Inc.*, No. 4:22-CV-834-SDJ-KPJ, 2023 WL 3646063, at *3 (E.D. Tex. May 25, 2023).

Plaintiff has satisfied the requirements of Rule 106(b) by providing affidavits from Natividad and Rasberry, stating that the Address is a place where Silva can probably be found. Aff. Natividad 2, ECF No. 26-1; Aff. Rasberry 1. Both affidavits list, with specific dates and times, the separate occasions where Natividad and Rasberry attempted personal service but were unsuccessful. Aff. Natividad 1–2; Aff. Rasberry 1. Plaintiff proposes to both affix a copy of the summons, the amended complaint, and signed order for substituted service to the front door of the Address as well as mail the same by first-class mail, which will be reasonably effective to give Silva notice of the suit.

### III.   CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's Unopposed Motion for a Substituted Service on Defendant Mario Silva (ECF No. 26). Plaintiff is **HEREBY AUTHORIZED** to serve process on Defendant Mario Silva by affixing copies of the summons, the operative complaint, and this signed order to the front door of 7101 Schuman Drive, Canutillo,

Texas 79835 and mailing copies of the summons, the operative complaint, and this signed order via USPS first class mail to Mario Silva, 7101 Schuman Drive, Canutillo, Texas 79835.

**SIGNED** this 20th day of December, 2023.

_____
**ROBERT F. CASTAÑEDA**
**UNITED STATES MAGISTRATE JUDGE**