**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | |
|---|---|
| **UNITED WISCONSIN INSURANCE COMPANY,** § § § *Plaintiff*, § **v.** § § **M J D LOGISTICS, INC.; EUNICE SILVA; MARIO SILVA; ARTURO GOMEZ; and FADUMA SHEGOW,** § § § § *Defendants*. § § § **M J D LOGISTICS, INC.; EUNICE SILVA; and ARTURO GOMEZ,** § § § *Counter-Plaintiffs*, § **v.** § § **UNITED WISCONSIN INSURANCE COMPANY,** § § § § *Counter-Defendant.* § | **EP-23-CV-00314-DCG** |

**UNITED WISCONSIN INSURANCE COMPANY,**

    *Plaintiff*,

**v.**

**M J D LOGISTICS, INC.; EUNICE SILVA; MARIO SILVA; ARTURO GOMEZ; and FADUMA SHEGOW,**

    *Defendants*.

**EP-23-CV-00314-DCG**

**M J D LOGISTICS, INC.; EUNICE SILVA; and ARTURO GOMEZ,**

    *Counter-Plaintiffs*,

**v.**

**UNITED WISCONSIN INSURANCE COMPANY,**

    *Counter-Defendant.*

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUBSTITUTED SERVICE**

Before the Court is Plaintiff United Wisconsin Insurance Company's "Second Opposed Motion for a Substituted Service on Defendant Mario Silva" ("Motion") (ECF No. 36), filed on May 15, 2024. Senior United States District Judge David Guaderrama referred the Motion to the undersigned Magistrate Judge for determination pursuant to 28 U.S.C. § 636(b)(1)(A) and Rule 1(c) of Appendix C to the Local Rules of the Western District of Texas. For the following reasons, Plaintiff's motion is **GRANTED.**

**I.      BACKGROUND**

Defendant M J D Logistics, Inc. holds an insurance policy with Plaintiff. Pl.'s First Am. Compl. Declaratory J. ¶ 1 [hereinafter Am. Compl.], ECF No. 9. Plaintiff is defending MJD, Eunice Silva, Mario Silva ("Silva"), and Arturo Gomez, pursuant to a reservation of rights, in a state court lawsuit filed against them by Faduma Shegow. *Id.* at ¶¶ 2, 13. On August 22, 2023, Plaintiff filed the above-captioned case, seeking a declaratory judgment on the rights and obligations of the parties to the insurance policy and naming Silva as one of the defendants. *See* Original Compl. Declaratory J., ECF No. 1.

Plaintiff served a copy of the summons and original complaint to Silva on September 1, 2023. Proof of Service Aff., ECF No. 6. Process server Yvonne Natividad delivered the summons and original complaint to Silva in person at the address 7101 Schuman Drive, Canutillo, Texas 79835. *Id.* Silva has not yet filed an answer or appeared in the case.

Plaintiff filed its First Amended Complaint on October 2, 2023. *See* Am. Compl. Plaintiff attempted to serve the First Amended Complaint on Silva by hand at the Schuman Drive address three times and did not succeed. Pl.'s Unopposed Mot. Substituted Service Def. Mario Silva ¶ 4, ECF No. 26. As a result, Plaintiff filed an Unopposed Motion for a Substituted Service on Silva on December 12, 2023. *See id.* The motion was referred to the undersigned Magistrate Judge, who granted it. *See* Order Granting Pl.'s Mot. Substituted Service, ECF No. 28. Plaintiff was permitted to serve Silva by affixing copies of the summons and complaint to the front door of the Schuman Drive address and mailing the same documents to the address. *Id.* at 5–6.

Plaintiff filed the instant motion on May 15, 2024. Plaintiff has still not served Silva because the gate to the Schuman Drive property has been closed, blocking access to the front door. Mot. ¶ 4, ECF No. 36. Natividad tried to reach the front door five times: on December 27, 2023; January 2, 2024; January 6, 2024; January 10, 2024; and April 29, 2024. *Id.*

Natividad has determined that there is a new address where Silva can probably be found: 7148 Kayla Drive, Canutillo, Texas 79835. *Id.* at ¶ 5. Natividad first attempted to serve Silva at the Kayla Drive address on May 2, 2024. *Id.* at ¶ 7. Natividad spoke to Silva's sister, who confirmed that Silva lived at the address and that he was out of town working at the moment. *Id.* Natividad returned on May 3, and Silva's sister said that he was still out of town. *Id.* at ¶ 8. Natividad went back on May 6, and there was no answer at the door. *Id.* at ¶ 9. She tried again on May 9, and again there was no answer. *Id.* at ¶ 10.

In the instant motion, Plaintiff asks for substituted service by either delivering the summons and first amended complaint to anyone over the age of 16 at the Kayla Drive address or by affixing the documents to the front door. *Id.* at ¶ 12. Plaintiff also seeks to mail the same via USPS first class mail to Silva at the Kayla Drive address. *Id.*

## II.   DISCUSSION

Federal Rule of Civil Procedure 4(e) permits service on an individual in accordance with the law of "the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1).[1] The Texas Rules of Civil Procedure permit service either by: "(1) delivering to the defendant, in person, a copy of the citation, showing the delivery date, and of the petition; or (2) mailing to the defendant by registered or certified mail, return receipt requested, a copy of the citation and of the petition." Tex. R. Civ. P. 106(a). Alternatively, a plaintiff may seek substituted service by filing:

> [a] motion supported by a statement—sworn to before a notary or made under penalty of perjury—listing any location where the defendant can probably be found and stating specifically the facts showing that service has been attempted under (a)(1) or (a)(2) at the location named in the statement but has not been successful.

---

[1] As noted in this Court's earlier order granting substituted service, service of the amended complaint is proper under Rule 4 because Silva has not yet appeared in this case. Order Granting Pl.'s Mot. Substituted Service 3–4.

3

*Id.* 106(b).

Substituted service may be made "by leaving a copy of the citation and of the petition with anyone older than sixteen at the location specified in the statement" or "in any other manner . . . that the statement or other evidence shows will be reasonably effective to give the defendant notice of the suit." *Id.* "Where personal service has been unsuccessful, a typical course is to post the summons and copy of the complaint to the front door or gate of the property itself, . . . as it is readily apparent the occupant of the property will see the posted summons and copy of the complaint." *Cairns v. Lakeview Shopping Plaza, Inc.*, No. 4:22-CV-834-SDJ-KPJ, 2023 WL 3646063, at *3 (E.D. Tex. May 25, 2023).

Plaintiff has satisfied the requirements of Rule 106(b) by providing an affidavit from Natividad, stating that the Kayla Drive address is a place where Silva can probably be found. Natividad Aff. Ex. 1, at 2, ECF No. 36-1. The affidavit lists, with specific dates and times, the separate occasions where Natividad attempted personal service at both the Schuman Drive address and the Kayla Drive address. *Id.* at 1–2. Plaintiff proposes to either serve a copy of the summons, the amended complaint, and signed order for substituted service on anyone over the age of 16 living at the Kayla Drive address or affix the documents to the front door of the Kayla Drive address. Mot. ¶ 12. Plaintiff also proposes to mail the documents by first-class mail. *Id.* These methods will be reasonably effective to give Silva notice of the suit.

### III.   CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's Second Unopposed Motion for a Substituted Service on Defendant Mario Silva (ECF No. 36). Plaintiff is **HEREBY AUTHORIZED** to serve process on Defendant Mario Silva either by leaving a copy of the summons, the operative complaint, and this signed order with anyone older than sixteen at 7148

Kayla Drive, Canutillo, Texas 79835 or by affixing copies of the summons, the operative complaint, and this signed order to the front door of 7148 Kayla Drive, Canutillo, Texas 79835. Plaintiff also must mail copies of the summons, the operative complaint, and this signed order via USPS first class mail to Mario Silva, 7148 Kayla Drive, Canutillo, Texas 79835.

    **SIGNED** this 17th day of May, 2024.

                                    **ROBERT F. CASTAÑEDA**
                                    **UNITED STATES MAGISTRATE JUDGE**